IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:                                          :
                                                :
ANDERSON NEWS, LLC,                             :     Chapter 11
                                                :     Bankr. Case No. 09-10695-CSS
          Debtor.                               :
_____         :
HOLSTON ASSET MANAGEMENT, LLC AND               :
NORTHSHORE CAPITAL LLC,                          :
                                                :
          Appellants,                           :
                                                :
     v.                                         :     Civ. No. 12-87-LPS
                                                :
AMERICAN MEDIA, INC., CURTIS                    :
CIRCULATION, LLC, BAUER PUBLISHING             :
COMPANY, L.P., KABLE DISTRIBUION               :
SERVICES, INC., AND TIME/WARNER                :
RETAIL SALES & MARKETING,                       :
                                                :
          Appellees.                            :
_____         :

## MEMORANDUM ORDER

At Wilmington this **10th** day of **December, 2013**, having reviewed the papers submitted

in connection with the Motion to Allow Interlocutory Appeal Under 28 U.S.C. Section 158(a)

and Federal Rule of Bankruptcy Procedure 8003 of the November 14, 2011 Orders Approving

the Terms of Engagement and Compensation of Valle Makoff LLP and Potter Anderson &

Corroon LLP and as Counsel in Derivative Actions (the "Motion") [Bankr. Dkt. No. 1128] (D.I.

6), and the opposition thereto (D.I. 8);

          IT IS ORDERED that the Motion (D.I. 6) is DENIED for the reasons that follow:

          **Background.**  On November 28, 2011, Holston Asset Management, LLC ("Holston")

and Northshore Capital LLC ("Northshore" and, together with Holston, "Appellants") filed with

the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") a

notice of appeal (the "Notice of Appeal") [Bankr. Dkt. No. 1124, Bankr. Case No. 09-10695

(CSS)] from the Order Under 11 U.S.C. § 503(b)(4) Approving Terms of Engagement and

Compensation of Potter Anderson & Corroon LLP as Counsel in Derivative Actions, dated

November 10, 2011 (the "Order") [Bankr. Dkt. No. 1100] entered by the Honorable Christopher

S. Sontchi, U.S.B.J., on November 14, 2011 (*see* D.I. 1). The Notice of Appeal was entered on

the docket of this Court on January 30, 2012. (D.I. 2)

The Court was advised by letter dated April 16, 2012 that mediation in the above-

captioned case, together with *Holston Asset Management LLC, et al. v. American Media, Inc., et*

*al.*, Case No. 12-cv-101-LPS,[1] proved unsuccessful. (D.I. 5) Thereafter, Appellants' Motion was

transmitted from the Bankruptcy Court on April 25, 2012, and entered on the docket of this Court

on April 27, 2012. (D.I. 6) The Bankruptcy Court transmitted Appellees' response thereto on

April 30, 2012, and it was entered on this Court's docket on May 1, 2012.[2] (D.I. 8)

The Court entered an Order (D.I. 10) on March 19, 2013, requiring the parties to provide

the Court with a joint status report on or before March 26, 2013. The parties filed a Joint Status

Report on March 27, 2013. (D.I. 11) On October 2, 2013, the Court entered an Order requiring

the parties to provide the Court with a joint status report on or before October 9, 2013. (D.I. 12)

---

[1]Similarly, in Case No. 12-cv-101-LPS, Appellants had filed with the Bankruptcy Court a
notice of appeal [Bankr. Dkt. No. 1126, Bankr. Case No. 09-10695 (CSS)] from the Order Under
11 U.S.C. § 503(b)(4) Approving Terms of Engagement and Compensation of Valle Makoff LLP
as Counsel in Derivative Actions, dated November 10, 2011 [Bankr. Dkt. No. 1101] entered by
Bankruptcy Judge Sontchi on November 14, 2011 (*see* D.I. 1, Case No. 12-cv-101-LPS).

[2]On May 21, 2012, the Court entered a schedule for the submission of briefs on the merits
of the appeal, to begin if and when the Court were to grant leave for Appellants to proceed with
an interlocutory appeal. (*See* D.I. 9)

The parties filed a Joint Status Report on October 9, 2013. (D.I. 13) On October 18, 2013, the Court entered an Order: (i) "noting that there is a pending motion to allow an interlocutory appeal;" (ii) "agree[ing] with the parties that it is 'reasonable for the Court to defer . . . consideration' of the pending motion until after the Bankruptcy Court's November 4, 2013 hearing;" and (iii) requiring the parties to "submit a joint status report on or before November 15, 2013." (D.I. 14) Thereafter, on November 15, 2013, Appellants – but not the parties jointly – filed a Status Report, asking that the Court issue a ruling on the Motion. (D.I. 15)

**The Motion**. In the Bankruptcy Court, American Media, Inc., Bauer Magazine L.P., Bauer Publishing Company, L.P., Heinrich Bauer North America, Inc., Heinrich Bauer Publishing, L.P., Curtis Circulation Company, LLC, Kable Distribution Services, Inc., and Time/Warner Retail Sales & Marketing, Inc. (collectively, the "Magazine Creditors") had sought permission to prosecute claims for fraud, breach of fiduciary duty, other alleged misconduct, equitable subordination, and substantive consolidation, on behalf of the estate of Anderson New LLC ("Anderson News" or the above-captioned "Debtor"). (*See* D.I. 6 at 2 & n.2) Based on the findings of the court-appointed examiner in the Debtor's bankruptcy case, Don A. Beskrone (the "Examiner"), in his May 12, 2011 report (the "Examiner's Report"), the Bankruptcy Court granted the Magazine Creditors derivative standing to pursue certain avoidance actions. (*See id.*) On November 14, 2011, the Magazine Creditors filed a complaint asserting these avoidance actions in the Bankruptcy Court (the "Avoidance Action Derivative Complaint"). (*See id.*) As stated by Appellants, "Holston and Northshore are affiliates of the Debtor and of many of the defendants in the Avoidance Action Derivative Complaint, and collectively hold more than $80 million in claims against the Debtor." (*Id.* at 2 n.2)

3

Subsequently, the Bankruptcy Court authorized the Magazine Creditors to retain counsel

for the Avoidance Actions – Valle Makoff LLP and Potter Anderson & Corroon LLP – and

approved their engagement agreements, which provided for a contingency fee, payable from the

recovery, if the prosecution of the Avoidance Actions was successful. (*See* D.I. 6 at 2) The

Bankruptcy Court held that it could approve the engagement agreement's terms, including the

contingency fee, under Bankruptcy Code § 503(b)(4).

Appellants now seek interlocutory review of the retention Orders, arguing that

§ 503(b)(4) does not permit the Bankruptcy Court to approve the terms of the contingency fee in

advance. According to Appellants, the issue presented is:

> Whether the Bankruptcy Court erred in pre-approving
> contingency fee compensation for the Magazine Creditors' counsel
> under section 503(b) when the Magazine Creditors have not yet
> met the first condition in section 503(b)(3)(B) that they are "a
> creditor that recovers, after the court's approval, for the benefit of
> the estate any property transferred or concealed by the debtor" nor
> made "a substantial contribution" under section 503(b)(3)(D),
> which therefore makes premature and unlawful any preapproval for
> compensation for professional services to an entity who does not
> have an allowable expense under section 503(b)(3)(A)-(D) as
> required by section 503(b)(4).

(D.I. 6 at 4-5)

The parties agree that the procedural status of the instant action makes this an

interlocutory appeal. Hence, the Court must determine whether interlocutory appellate review is

warranted.

**Analysis**. This Court has jurisdiction to hear appeals "from interlocutory orders and

decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges

under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the

4

standard district courts should use in deciding whether to grant such an interlocutory appeal. Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals. *See In re Semcrude, L.P.*, 2010 WL 4537921, at \*2 (D. Del. Oct. 26, 2010) ("In deciding whether an interlocutory order is appealable in the bankruptcy context, courts have typically borrowed the standard found in 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a court of appeals is warranted."); *see also In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

Under the standards of Section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Moreover, entertaining an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored." *In re Semcrude*, 2010 WL 4537921, at \*2 (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)).

5

Finally, "these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re SemCrude L.P.*, 407 B.R. 553, 557 (D. Del. 2009). Leave to file an interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

Applying these legal standards, the Court has determined that an interlocutory appeal of the Motion is not warranted.

      **a.**   **Controlling question of law.** Appellants assert that "the issue of whether sections 503(b)(3) and (4) of the Bankruptcy Code enable the pre-approval of a contingency fee for the Magazine Creditors' counsel when that counsel has neither recovered any property, demonstrated that they have provided a substantial contribution to the estate, nor rendered services to an entity with an allowable expense under section 503(b)(3) (which is a precondition in the statute), is a controlling question of law (and statutory interpretation)." (D.I. 6 at 7) Appellants observe that the language of the applicable statute is "drafted in the past tense, not the future or conditional tense." (*Id.* at 9; *see also id.* at 4) Regardless of the merits of Appellants' proposed statutory construction (a matter on which the Court expresses no view), Appellees are correct that "[t]he issue on appeal – the court's power to approve the terms of Proposed Counsel's compensation under Bankruptcy Code § 503(b)(4), subject to review of final fee applications – does not present a controlling issue of law with respect either to the underlying litigation against the Debtors' affiliates or to the resolution of the bankruptcy case." (D.I. 8 at 8) Additionally, Appellants acknowledge that "any amounts paid to the Magazine Creditors' counsel will ultimately be reviewed pursuant to sections 503(b)(3) and (b)(4)" (D.I. 6 at 8), and

6

further that this type of litigation would normally proceed on a contingency-fee basis (*see* D.I. 8 at 9 & n.23 (citing to D.I. 6 Ex. B (Tr. at 27:23-28:3, 31:25-32:6, 46:8-14 )). Appellants have failed to present a controlling question of law warranting review at this stage.

      **b.**    **Substantial grounds for difference of opinion.**  Second, the Court is not persuaded that substantial grounds for difference of opinion exist.  While Appellants disagree with the Bankruptcy Court's reading of the statute, they cite no contrary authority, and their mere disagreement does not constitute substantial grounds for a difference of opinion. *See In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011) ("[M]ere disagreement with the [] ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes."); *see also In re SemCrude, L.P.*, 2010 WL 4537921, at *3 (D. Del. Oct. 26, 2010) (same).

      **c.**    **Materially advance termination of litigation.**  In attempting to demonstrate that immediate appeal will materially advance the ultimate termination of the litigation, Appellants offer only that "[t]he increased cost of a potential settlement because dollars are removed from the pockets of creditors is a substantial negative impact on the potential resolution of the claims asserted in the Avoidance Action Derivative Complaint, which is supposed to be an action designed to maximize the return to creditors instead of the return to the Magazine Creditors' counsel." (D.I. 6 at 7-8)  The Court fails to see how this concern leads to a conclusion that interlocutory appeal would materially advance the termination of the case.

      **d.**    **Other considerations.**  Entertaining an appeal of an interlocutory order under § 1292(b) is appropriate only where the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del.

7

1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989).  Appellants have not identified exceptional circumstances justifying the need for immediate review.

 **Conclusion**.  For the foregoing reasons, the Court concludes that an interlocutory review of the Bankruptcy Court's Order(s) is not appropriate.  Appellants' Motion for leave to appeal (D.I. 6) is DENIED.  The Clerk of Court is directed to CLOSE this case.

_____
UNITED STATES DISTRICT JUDGE
